Filed Oct. 18, 1884.

---

No. 11,673.

## GORDON v. GORDON.

EVIDENCE.—*Principal and Surety.*—Suit to recover for money paid as surety. Answer: Payment, and set-off. The evidence tended to show an arrangement between the parties by which claims were left by the defendant with a third person to be collected by him and paid upon the defendant's debts in general, and that a part only had been collected. The court refused to allow the plaintiff to prove that the money collected had been applied on other debts of the defendant.
*Held*, that this was error.

From the Madison Circuit Court.

*M. A. Chipman*, for appellant.
*H. D. Thompson* and *T. B. Orr*, for appellee.

BEST, C.—The appellant brought this action to recover

certain sums of money he had paid upon certain notes, and a judgment as the surety of the appellee.

Answers of denial, payment and set-off were filed. A reply, trial, verdict and judgment for the appellee. A motion for a new trial was overruled, and this ruling is assigned as error.

The principal questions presented by this ruling arise out of the refusal of the court to permit the appellant to prove certain facts, and the refusal of the court to strike out certain testimony introduced by the appellee. Of these in the order of their statement.

The appellant proved, by his testimony, that, as the surety of the appellee, he had paid for him $248.78. This the appellee did not dispute, but he insisted that he placed, under the appellant's control, a note of about $900, held by him against a third party, with the proceeds of which, when collected, he was to reimburse himself, and that more than enough had been collected on said note to extinguish the appellant's claim. This the appellant denied, and insisted that such note was placed in the hands of Norman Gordon, a son, with instructions to apply the proceeds upon the appellee's debts, and that all the money collected thereon, viz., $585, had been by his son applied upon other debts of the appellee. The appellant called Norman Gordon and proposed to prove by him that the amount collected upon such note had been by him applied upon other debts of the appellee. This was excluded, and this ruling presents the first question. This ruling was, as it seems to us, manifestly wrong. The appellant's claim was unpaid and still subsisting, unless extinguished by the money collected by Norman Gordon. This money was not, in fact, applied upon it, and could not be, if Norman Gordon had any authority to apply it upon the other claims on which it was paid. The appellee thus testified: "I put that note into Norman Gordon's hands, and James Gordon was present when I done it. I did that to pay my indebtedness here, and Norman Gordon took the note and gave

me a receipt for it, and that note was to be collected and paid on my indebtedness here as far as I owed, and the balance was to be sent to me."

Norman Gordon testified that " that note, with other accounts and notes, was left with me to collect as fast as I could, and apply them on uncle's debts as far as it would go."

This testimony certainly tends to show, if it does not establish, the authority of Norman Gordon to apply the proceeds of said note upon the other debts of the appellee, and, if he had such authority and made the application, the mere reception of the money by him can not operate to extinguish the appellant's claim.

The appellee maintains that such was the effect of its reception. He was about to leave the State, and did not then have means with which to pay his debts. The appellant signed certain notes with him as his surety, and he thus obtained an extension. This was done under an arrangement that the note in question should be collected, and the debts paid. When the appellee inquired of appellant with whom the note should be left, the latter named Norman Gordon, as he could get about better than the appellant. The note was accordingly left with him, and the appellee now insists that Norman was the appellant's agent, and the reception of the money by him extinguished the appellant's claim notwithstanding the fact that the money was applied upon the appellee's other debts. This, of course, is not so if Norman had any authority to apply it elsewhere, and as the testimony tends to show such authority, the court erred in refusing to permit the appellant to show that the money was thus properly applied.

The next question arises upon the action of the court in refusing to strike out the testimony of the appellee as to the arrangement made by him and the appellant and Norman Gordon as to the collection of the money by the latter, on the ground that it was not shown that any part of the money came to the appellant's hands. Of course, the appellant's

claim has not been extinguished by the reception of the money by Norman Gordon unless he had no authority to apply it upon the appellee's other debts, and also unless he received it for and on behalf of his father. If he thus received it without any authority to apply it elsewhere under such arrangement as rendered it the appellant's money, its mere reception would extinguish the appellant's claim. This was a question of fact, and as the cause must again be tried we will express no opinion upon it.

The court, for the reasons given, erred in overruling the motion for a new trial, and for such error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment is reversed at the appellee's costs, with instructions to grant a new trial.

